**STATE OF RHODE ISLAND**                    **SUPERIOR COURT**
**KENT, SC.**

**ELOISA COSAJAY**

        **VS**

**ATLANTICA, LLC**

## COMPLAINT


     Plaintiff, by her attorney, complains of the Defendants  as follows:

1.     Plaintiff is a resident of the State of Rhode Island with an address of 220 Sterling Avenue, Providence, Rhode Island.  She owns this property located at 220 Sterling Avenue, Providence,  Rhode Island.

2.     Plaintiff executed a mortgage to Mortgage Electronic Registration Systems, Inc.("MERS") as Nominee for Lime Financial Services, Ltd. On April 24, 2007.   A copy is attached as Exhibit A.

3.     This mortgage does not contain a grant to MERS or any entity of the Statutory Power of Sale.

4.     The standard mortgage used by MERS is attached to this complaint as Exhibit B.

5.     The language in the standard Fannie Mae/Freddie Mac Uniform Instrument in Exhibit B in the section entitled TRANSFER OF RIGHTS IN THE PROPERTY  which conveys to the mortgagee the statutory power sale states:

 Borrower does hereby mortgage, grant and convey to MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the following described property.

1

6.     This mortgage does not contain language which granted the mortgage to MERS upon the Statutory Condition and with the Statutory Power of Sale.

7.     This   mortgage  in the section entitled TRANSFER OF RIGHTS IN THE PROPERTY  states:

Borrower does hereby mortgage, grant and convey to MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property.

8.     In Plaintiff's mortgage  she did not convey the property to the mortgage upon the statutory condition and with the statutory power of sale.

9     Defendant,  Atlantica, LLC is a limited liability company which claims to own Plaintiff's mortgage. However it was never assigned as mortgage in the original purported  assignment from Mortgage Electronic Registration Systems, Inc. ("MERS") is attached as Exhibit C.

10.     This purported assignment is to a purported  trust, which has never existed.  This purported assignment purports to Deutsche convey  all beneficial interest under the mortgage to  Deutsche Bank Trust Company America as Trustee and Custodian for Ixis Real Estate Capital, Inc.

11.     The records of Deutsche Bank and the records of the Securities and Exchange Commission indicate that there is no trust with this name.

12.     The records of Deutsche Bank and the records of the Securities and Exchange Commission indicate that there Deutsche Bank is not the trustee for a Trust known as Ixis Real Estate Capital, Inc.

13.     As a result, Exhibit C is a void assignment since no mortgage could be assigned to a nonexistent entity

14.     Defendant, Selene Finance, LP ("Selene") is a limited partnership organized pursuant to the laws of Delaware. It is a debt collector and asserts that it is the loan servicer for the Plaintiff's mortgage

15.     This Court has jurisdiction pursuant to diversity jurisdiction , as the Plaintiffs are residents of Rhode Island, Selene and Atlantica are businesses

organized outside of the State of Rhode Island,whose members are not residents of the State of Rhode Island.

16.    Brock and Scott PLLC ("Brock") on  February 8, 2019 scheduled a foreclosure sale for Plaintiff's  home on April 2, 2019 at 10:00 AM as indicated by Exhibit D.

17.    This Notice claims that the foreclosure sale will occur pursuant to power of sale.

18.    No person signed this Notice on behalf of either Brock, Atlantica or Selene.

19.    Brock, Selene and Atlantica have not sent Plaintiff a notice pursuant to the provisions of paragraph 22 of the mortgage and have not accelerated the note.  Plaintiff has never been mailed a default notice from the owner of the note or mortgage.

20.    Exhibit E is a copy of the purported Notice of Default, which was mailed to my attorney and not to Plaintiff.

21.    Pursuant to paragraph 15 of the mortgage all notices must be mailed to Plaintiff at her home address unless she designated another address.  She has never designated another address.

22.    Plaintiff has never designated another address. In fact a copy of the authorization to her attorney is attached as Exhibit F, which was mailed to Selene Finance by her attorney and clearly states:

 I, ELOISA COSAJAY, authorize my Attorney, JOHN B. ENNIS, ESQ., to communicate on my behalf and/or to discuss with Selene Finance or any other entity or servicer regarding my mortgage serviced by Selene Finance regarding Account No.: 0003146925 for the property located at 220 Sterling Avenue, Providence, Rhode Island 02909.  **This authorization does not designate the address of John B. Ennis, Esq., at 1200 Reservoir Avenue, Cranston, Rhode Island 02920 as my address for any Rhode Island General Law Notices or any Notices required pursuant to the terms of my mortgage.  These Notices must be sent to me at my address of 220 Sterling Avenue, Providence, Rhode Island 02909.  The mortgage statement must be sent to me at my address of 220 Sterling Avenue,**

**Providence, Rhode Island 02909. Please do not contact me other than to send me my monthly statements to my home address of 222 Sterling Avenue, Providence, Rhode Island 02909 and to send any documents required to be sent to me pursuant to the terms of my mortgage or any State or Federal law to my home address of 222 Sterling Avenue, Providence, Rhode Island 02909 .**All other communications and responses to any RESPA or TILA notices from my attorney must be sent to my attorney, John B. Ennis, 1200 Reservoir Avenue, Cranston Rhode Island 02920. (emphasis added).

23.     Exhibit E did not indicate that it was being mailed on behalf of the purported owner of her mortgage. Instead it merely stated that Selene was:

The loan servicer of your mortgage loan

24.     Exhibit E never identified the owner of the mortgage and on whose behalf Selene was acting.

25.     After December 13, 2018, Plaintiff'smortgage loan was never accelerated. No subsequent periodic statements, which were mailed to her attorney, indicated that the loan had been accelerated.

26.     This letter falsely stated that Selene could proceed with applicable foreclosure proceedings and falsely referenced the right to invoke the statutory power of sale, which was never granted to MERS or any other entity in the mortgage.

27.     After the purported assignment to Deutsche Bank, a subsequent assignment was recorded from Deutsche Bank as trustee for a nonexistent trust to Saxon Mortgage Services. A copy is attached as Exhibit G.

28.     This document was conveyed purportedly by a non existent trust, which never owned Plaintiff's mortgage since it did not exist and could not be delivered due to the fact that no such trust existed.

29.     Subsequently after several other void transactions due to the no existent nature of the so called Ixis trust assignment, another assignment, Exhibit H was executed on May 16, 2017 in which the grantor purportedly assigned all right, title and interest under that certain Deed of Trust dated 04/24/2007.

30.    This document did not assign any mortgage to Atlantica , LLC, since Plaintiff never signed a Deed of Trust.

31.    This purported assignment did not conform to the statutory form in the Rhode Island General Laws  §34-11-12, which requires an assignment of mortgage to state:

6) ASSIGNMENT OF MORTGAGE.

holder of a mortgage by to dated

recorded in the records of deeds in in book no. at page, for consideration paid, assign the mortgage and the note and claim secured thereby to

Witness hand this day of (Here add acknowledgment.)

32.    Exhibit I is  a July 19, 2016 letter responding to a RESPA Request for Information from Clearspring, the prior servicer, which includes a copy of the purported note that it claims to have purchased. This copy of the note is not endorsed

33.    Exhibit  J is an October 17, 2018 letter from Selene Finance to my attorney with an unendorsed copy of the note. There is no endorsement from Lime Financial Services. There is an unattached allonge with the signature of Caleb Durfee on behalf of Atlantica, LLC. However this version of the note does not contain an endorsement from Lime Financial.

COUNT I<br>INJUNCTIVE RELIEF

34.    Paragraphs 1-33 are incorporated by reference.

35.    Plaintiff  will be irreparably harmed if the foreclosure sale on April 2, 2019.

36.    Plaintiff has a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

37.     The failure of the Defendant to comply with paragraph 22 of the mortgage renders void any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the contractual or statutory ability to exercise the statutory power of sale.

38.     The failure of the Defendant to provide the Plaintiff a Notice of Default pursuant to the terms of the mortgage renders any purported foreclosure sale void.   This demonstrates that Plaintiff has a substantial likelihood of success.

39.     The failure of the Defendant to own either the note or the mortgage any purported foreclosure sale void and prohibits the Defendant from exercising the statutory power of sale.   This demonstrates that Plaintiff has a substantial likelihood of success.

40.      Likewise a foreclosure sale of Plaintiff's  property by a party not entitled to foreclose on the property will cause Plaintiff irreparable harm, which hardship is greater than any hardship, which may be claimed by Defendant.

41.     Such relief sought by Plaintiff will not disserve the public interest if imposed.

42.     Plaintiff has  a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

        WHEREFORE, Plaintiff demands that this Court:

        a.      Grant a Preliminary Injunction Restraining and Enjoining

Atlantica, LLC, Selene Finance, LP  or any other entity acting on their

behalf from conducting, advertising or continuing a  foreclosure  sale at 220

Sterling Avenue, Providence, Rhode Island  on April 2, 2019 or at any other

time  pending a hearing on a Permanent Injunction

b.      Grant a Permanent Injunction Restraining and Enjoining Atlantica,

LLC, Selene Finance, LP  or any other entity acting on their behalf from

conducting, advertising or continuing a  foreclosure  sale at 220 Sterling

Avenue, Providence, Rhode Island  on April 2, 2019 or at any other time

until  further Order of this Court.

c.      Award the Plaintiff actual damages and compensatory damages and

legal fees and costs against the Defendants for seeking to exercise the

statutory power of sale without complying the  terms of the mortgage and

without the statutory power of sale

d.      Grant all other just and proper relief.

April 1, 2019

                                        ELOISA COSAJAY

                                        By her Attorney

                                        /s/ John B. Ennis
                                        JOHN B. ENNIS, ESQ. #2135
                                        1200 Reservoir Avenue
                                        Cranston, RI 02920
                                        (401)943-9230
                                        Jbelaw75@gmail.com

## COUNT II
## DECLARATORY JUDGMENT

44.     Paragraphs 1-43 are incorporated by reference.

45.     This Court possesses jurisdiction to issue Declaratory Judgments pursuant to the provisions of R.I.G.L 9-30-1 et seq.

46.     This Court is requested to interpret the provisions of the Plaintiff's mortgage and the purported assignments of this mortgage.

47.     The Plaintiff's mortgage does not contain a grant to MERS of the statutory power of sale.

48.     Any foreclosure undertaken by any purported holder of the mortgage must be undertaken judicially pursuant to R.I.G.L 34-27-1 et seq.

49.     The initial purported assignment of mortgage was executed to a nonexistent trust, rendering the title to this mortgage not being vested in Defendant, Atlantica, LLC.

50.     The Plaintiff has incurred legal fees for the prosecution of this action.

Wherefore Plaintiff demands that this Court:

1.  Declare pursuant to the Declaratory Judgment Act that the Plaintiff's mortgage did not grant to the initial mortgagee, MERS, the statutory power of sale.

2.  Declare that the purported assignment of mortgage to Bank Trust Company America as Trustee and Custodian for Ixis Real Estate Capital, Inc.

3.  Grant all other just and proper relief, including legal fees and costs.

April 1, 2019

ELOISA COSAJAY

By her Attorney

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401)943-9230
Jbelaw75@gmail.com

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1692 AGAINST SELENE

51.     Paragraphs 1-50 are incorporated by reference.

52.     Selene  is a debt collector as defined by 15 USC 1692 et seq.  since March 2, 2018  has committed several violations of the Fair Debt Collection Practices Act ("FDCPA") and is liable to the Plaintiffs for compensatory damages, statutory damages, and attorney fees and costs for violations.

53.     The primary business of Selene is the collection of debts.

54     At the time Selene commenced servicing Plaintiff's  mortgage loan account, Plaintiff was delinquent on her mortgage.

55     Selene  has used unfair and unconscionable means to collect or attempt to collect a debt against the Plaintiff.

56.     Selene, through its attorney,   has threatened to commence and has claimed to have commenced a non-judicial foreclosure to effect dispossession of the Plaintiff  of her property  even though Atlantica had  no present right to possession of the property claimed as collateral through an enforceable security interest.

57.     It also made a threat to take legal action which could not legally be taken.  Specifically it stated, through its attorney, by the letter dated February 8, 2019  that a Mortgage Foreclosure sale of the Plaintiff's property by statutory power of sale would occur on  April 2, 2019.

58.     The February 8, 2019 threat to conduct a Mortgage Foreclosure Sale on April 2, 2019 was a deceptive action on the part of Selene due to the failure to provide an accurate default notice and due to the fact the Plaintiff never granted  MERS the statutory power of sale and the promissory note was never endorsed by Lime Financial.

59.     Each of these actions of Selene  was a  violation of 15 U.S.C. 1692e(5).

60.     The facts alleged in this complaint establish that Atlantica, LLC did not have the present right to possession of the property claimed as collateral through an enforceable security interest.

61.     As alleged above, Selene violated 15 U.S.C 1692e(5) by threatening to take legal action which it could not take.

62.     Selene  also violated section 1692e of the FDCPA by using false deceptive and misleading representations or means in connection with the collection of this alleged debt. Selene  made false representations regarding the character and legal status of the debt, namely that the loan had been accelerated and that Atlantica could exercise the statutory power of sale.

63.     All the actions of Selene,  alleged in this complaint, were designed to compel the Plaintiff to pay monies to Selene on behalf of Atlantica, individually and through its attorney, on behalf of the alleged owner of the note and mortgage under the false threat of foreclosure of her home unless she made such a payment to Selene, through its attorney on behalf of  the entity, which claimed to own the  note.

64.     15 U.S.C. § 1692(f) provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

65     15 U.S.C. § 1692(d) provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

66     Selene violated 15 U.S.C. § 1692(f) because its conduct as outlined herein constitutes an unconscionable means to collect or to attempt to collect a debt.

67.    Selene  violated 15 U.S.C. § 1692(d) by employing an unfair and unconscionable means to collect the subject debt.

68.    Selene conduct  has caused Plaintiff to suffer great emotional distress driven by the fear that she might lose hereir  home which has resulted in loss of sleep, anxiety, depression, and embarrassment.

69.    Selene's conduct was outrageous, willful, and wanton, and it showed a reckless disregard for Plaintiff's rights.

70.    The Plaintiff has incurred  actual damages as a result of the violations of the FDCPA:

      a.     She has  incurred costs of mailing and postage and attorney fees and costs to respond to these false communications.

      b.     Her mortgage loan account has been charged unreasonable fees and expenses

      c.     She has suffered emotional damages for embarrassment and humiliation by three advertisings of a foreclosure of her home.

      d.     She has incurred legal fees to communicate with Selene's attorney to cancel this improper attempted sale.

      e.     Her  mortgage loan account has been charged unreasonable fees and costs for uncorroborated and unreasonable and unnecessary property inspections and improper legal fees and costs. Such costs have rendered a modification of the mortgage loan or reinstatement of the mortgage loan more expensive to the Plaintiff.

71.    As a result of the above described acts of Selene it  is liable to the Plaintiff for actual damages, statutory damages, attorney's fees and costs.

72.    Plaintiff has incurred legal fees in this action.

WHEREFORE, Plaintiff demands that Judgment be entered against

Selene for the following relief:

A.    Judgment against Selene for actual damages, and statutory damages of $1,000.00 for each violation of the FDCPA.

B.    Legal fees for the prosecution of this action.

C.    All other just and proper relief.

ELOISA COSAJAY
By her Attorney

April 1, 2019                                    /s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

Plaintiff demands a Trial by Jury

**NOTICE OF MOTION**
**APRIL 1, 2019**
**2:00 pm**
**Kent County Superior Court**

**STATE OF RHODE ISLAND**                    **SUPERIOR COURT**
**KENT, SC.**

**ELOISA COSAJAY**

             **VS**

**ATLANTICA, LLC**

**MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION**


        Plaintiff, by her attorney, moves this Court as follows:

1.      Plaintiff is a resident of the State of Rhode Island with an address of
220 Sterling Avenue, Providence, Rhode Island.  She owns this property
located at 220 Sterling Avenue, Providence,  Rhode Island.

2.      Plaintiff executed a mortgage to Mortgage Electronic Registration
Systems, Inc.("MERS") as Nominee for Lime Financial Services, Ltd. On
April 24, 2007.   A copy is attached as Exhibit A.

3.      This mortgage does not contain a grant to MERS or any entity of the
Statutory Power of Sale.

4.      The standard mortgage used by MERS is attached to this complaint as
Exhibit B.

5.      The language in the standard Fannie Mae/Freddie Mac Uniform
Instrument in Exhibit B in the section entitled TRANSFER OF RIGHTS IN
THE PROPERTY  which conveys to the mortgagee the statutory power sale
states:

 Borrower does hereby mortgage, grant and convey to MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the following described property.

6.      This mortgage does not contain language which granted the mortgage to MERS upon the Statutory Condition and with the Statutory Power of Sale.

7.      This   mortgage  in the section entitled TRANSFER OF RIGHTS IN THE PROPERTY  states:

Borrower does hereby mortgage, grant and convey to MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property.

8.      In Plaintiff's mortgage  she did not convey the property to the mortgage upon the statutory condition and with the statutory power of sale.

9      Defendant,  Atlantica, LLC is a limited liability company which claims to own Plaintiff's mortgage. However it was never assigned as mortgage in the original purported  assignment from Mortgage Electronic Registration Systems, Inc. ("MERS") is attached as Exhibit C.

10.      This purported assignment is to a purported  trust, which has never existed.  This purported assignment purports to convey  all beneficial interest under the mortgage to Deutsche Bank Trust Company America as Trustee and Custodian for Ixis Real Estate Capital, Inc.

11.      The records of Deutsche Bank and the records of the Securities and Exchange Commission indicate that there is no trust with this name.

12.      The records of Deutsche Bank and the records of the Securities and Exchange Commission indicate that there Deutsche Bank is not the trustee for a Trust known as Ixis Real Estate Capital, Inc.

13.      As a result, Exhibit C is a void assignment since no mortgage could be assigned to a nonexistent entity

2

14.     Defendant, Selene Finance, LP ("Selene") is a limited partnership organized pursuant to the laws of Delaware. It is a debt collector and asserts that it is the loan servicer for the Plaintiff's mortgage

15.     This Court has jurisdiction pursuant to diversity jurisdiction , as the Plaintiffs are residents of Rhode Island, Selene and Atlantica are businesses organized outside of the State of Rhode Island,whose members are not residents of the State of Rhode Island.

16.     Brock and Scott PLLC ("Brock") on  February 8, 2019 scheduled a foreclosure sale for Plaintiff's  home on April 2, 2019 at 10:00 AM as indicated by Exhibit D.

17.     This Notice claims that the foreclosure sale will occur pursuant to power of sale.

18.     No person signed this Notice on behalf of either Brock, Atlantica or Selene.

19.     Brock, Selene and Atlantica have not sent Plaintiff a notice pursuant to the provisions of paragraph 22 of the mortgage and have not accelerated the note.  Plaintiff has never been mailed a default notice from the owner of the note or mortgage.

20.     Exhibit E is a copy of the purported Notice of Default, which was mailed to my attorney and not to Plaintiff.

21.     Pursuant to paragraph 15 of the mortgage all notices must be mailed to Plaintiff at her home address unless she designated another address.  She has never designated another address.

22.     Plaintiff has never designated another address. In fact a copy of the authorization to her attorney is attached as Exhibit F, which was mailed to Selene Finance by her attorney and clearly states:

 I, ELOISA COSAJAY, authorize my Attorney, JOHN B. ENNIS, ESQ., to communicate on my behalf and/or to discuss with Selene Finance or any other entity or servicer regarding my mortgage serviced by Selene Finance regarding Account No.: 0003146925 for the property located at 220 Sterling Avenue, Providence, Rhode Island 02909.  **This authorization does not**

3

**designate the address of John B. Ennis, Esq., at 1200 Reservoir Avenue, Cranston, Rhode Island 02920 as my address for any Rhode Island General Law Notices or any Notices required pursuant to the terms of my mortgage.  These Notices must be sent to me at my address of 220 Sterling Avenue, Providence, Rhode Island 02909.  The mortgage statement must be sent to me at my address of 220 Sterling Avenue, Providence, Rhode Island 02909. Please do not contact  me other than to send me my monthly statements to my home address of 222 Sterling Avenue, Providence, Rhode Island 02909 and to send any documents required to be sent to me pursuant to the terms of my mortgage or any State or Federal law to my home address of 222 Sterling Avenue, Providence, Rhode Island 02909 .**All other communications and responses to any RESPA or TILA notices from my attorney must be sent to my attorney, John B. Ennis, 1200 Reservoir Avenue, Cranston Rhode Island 02920. (emphasis added).

23.     Exhibit E did not indicate that it was being mailed on behalf of the purported owner of  her mortgage. Instead it merely stated that Selene was:

The loan servicer of your mortgage loan

24.     Exhibit E never identified the owner of the mortgage and on whose behalf Selene was acting.

25.     After December 13, 2018, Plaintiff's mortgage loan was never accelerated. No subsequent periodic  statements, which were mailed to her attorney,  indicated that the loan had been accelerated.

26.     This letter falsely stated that Selene could proceed with applicable foreclosure proceedings and falsely referenced the right to invoke the statutory power of sale, which was never granted to MERS or any other entity in the mortgage.

27.     After the purported assignment to Deutsche Bank, a subsequent assignment was recorded from Deutsche Bank as trustee for a nonexistent trust to Saxon Mortgage Services. A copy is attached as Exhibit G.

28.     This document was conveyed purportedly by a non existent trust, which never owned Plaintiff's mortgage since it did not exist and could not be delivered due to the fact that no such trust existed.

4

29.    Subsequently after several other void transactions due to the no existent nature of the so called Ixis trust assignment, another assignment, Exhibit H was executed on May 16, 2017 in which the grantor purportedly assigned all right, title and interest under that certain Deed of Trust dated 04/24/2007.

30.    This document did not assign any mortgage to Atlantica , LLC, since Plaintiff never signed a Deed of Trust.

31.    This purported assignment did not conform to the statutory form in the Rhode Island General Laws  §34-11-12, which requires an assignment of mortgage to state:


6) ASSIGNMENT OF MORTGAGE.

holder of a mortgage by to dated

recorded in the records of deeds in in book no. at page, for consideration paid, assign the mortgage and the note and claim secured thereby to

Witness hand this day of (Here add acknowledgment.)

32.    Exhibit I is  a July 19, 2016 letter responding to a RESPA Request for Information from Clearspring, the prior servicer, which includes a copy of the purported note that it claims to have purchased. This copy of the note is not endorsed

33.    Exhibit  J is an October 17, 2018 letter from Selene Finance to my attorney with an unendorsed copy of the note. There is no endorsement from Lime Financial Services. There is an unattached allonge with the signature of Caleb Durfee on behalf of Atlantica, LLC. However this version of the note does not contain an endorsement from Lime Financial.

34.    Plaintiff has  a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

35.    The failure of the Defendants to comply with the terms of the mortgage renders void any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the statutory ability or the contractual ability  to exercise the statutory power of sale

36.    Plaintiff  lives in this property, as her principal residence.

37.    These facts demonstrate that we have a substantial likelihood of success.  Likewise a foreclosure of my property by a party not entitled to foreclose on the property will cause me  irreparable harm, which hardship is greater than any hardship, which may be claimed by defendants.

38.    Such relief sought by Plaintiff will not disserve the public interest if imposed.

39.    Plaintiff has a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

40.    These facts demonstrate that Plaintiff has a substantial likelihood of success.  Likewise a foreclosure of her property by a party not entitled to foreclose on the property will cause Plaintiff irreparable harm, which hardship is greater than any hardship, which may be claimed by defendants.

41.    Such relief sought by Plaintiff will not disserve the public interest if imposed.

42.    Notice of this Motion has been sent to the law firm of Brock & Scott, PLLC.

WHEREFORE, Plaintiff demands that this Court:

a.    Grant a Temporary Restraining Order and Preliminary

Injunction Restraining and Enjoining Atlantica, LLC, Selene Finance, LP  or

any other entity acting on their behalf from conducting, advertising or

continuing a  foreclosure  sale at 220 Sterling Avenue, Providence, Rhode

Island  on April 2, 2019 or at any other time  pending a hearing on a

Permanent Injunction

b.      Grant a Permanent Injunction Restraining and Enjoining Atlantica,

LLC, Selene Finance, LP  or any other entity acting on their behalf from

conducting, advertising or continuing a  foreclosure  sale at 220 Sterling

Avenue, Providence, Rhode Island  on April 2, 2019 or at any other time

until  further Order of this Court.

c.      Award the Plaintiff actual damages and compensatory damages and

legal fees and costs against the Defendants for seeking to exercise the

statutory power of sale without complying the  terms of the mortgage and

without the statutory power of sale

d.      Grant all other just and proper relief.

ELOISA COSAJAY

By her Attorney

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401)943-9230
Jbelaw75@gmail.com

7

**STATE OF RHODE ISLAND**        **SUPERIOR COURT**
**KENT, SC.**

**ELOISA COSAJAY**

    **VS**

**ATLANTICA, LLC**
**SELENE FINANCE, LP**

### AFFIDAVIT

Plaintiff, being duly sworn, states the following:

1.  I am a resident of the State of Rhode Island with an address of 220 Sterling Avenue, Providence, Rhode Island. I own this property located at 220 Sterling Avenue, Providence, Rhode Island.

2.  I executed a mortgage to Mortgage Electronic Registration Systems, Inc.("MERS") as Nominee for Lime Financial Services, Ltd. On April 24, 2007. A copy is attached as Exhibit A.

3.  My mortgage does not contain a grant to MERS or any entity of the Statutory Power of Sale.

4.  The standard mortgage used by MERS is attached to this complaint as Exhibit B.

5.  The language in the standard Fannie Mae/Freddie Mac Uniform Instrument in Exhibit B in the section entitled TRANSFER OF RIGHTS IN THE PROPERTY which conveys to the mortgagee the statutory power sale states:

Borrower does hereby mortgage, grant and convey to MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the following described property.

1

6.     My mortgage does not contain language which granted the mortgage to MERS upon the Statutory Condition and with the Statutory Power of Sale.

7.     My  mortgage  in the section entitled TRANSFER OF RIGHTS IN THE PROPERTY  states:

Borrower does hereby mortgage, grant and convey to MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property.

8.     In my mortgage I did not convey the property to the mortgage upon the statutory condition and with the statutory power of sale.

9     Defendant,  Atlantica, LLC is a limited liability company which claims to own my mortgage. However it was never assigned my mortgage as the original purported  assignment from Mortgage Electronic Registration Systems, Inc. ("MERS") is attached as Exhibit C.

10.     This purported assignment is to a purported  trust, which has never existed.  This purported assignment purports to convey  all beneficial interest under the mortgage to Deutsche Bank Trust Company America as Trustee and Custodian for Ixis Real Estate Capital, Inc.

11.     The records of Deutsche Bank and the records of the Securities and Exchange Commission indicate that there is no trust with this name.

12.     The records of Deutsche Bank and the records of the Securities and Exchange Commission indicate that there Deutsche Bank is not  the trustee for a Trust known as Ixis Real Estate Capital, Inc..

13.     As a result, Exhibit C is a void assignment since no mortgage could be assigned to a nonexistent entity

14.     Defendant, Selene Finance, LP ("Selene") is a limited partnership organized pursuant to the laws of Delaware. It is a debt collector and asserts that it is the loan servicer for the Plaintiff's mortgage

15.     This Court has jurisdiction pursuant to diversity jurisdiction , as the Plaintiffs are residents of Rhode Island, Selene and Atlantica are businesses

organized outside of the State of Rhode Island,whose members are not residents of the State of Rhode Island. The amount of the mortgage balance is greater than $75,000.00.

16.     Brock and Scott PLLC ("Brock") on  February 8, 2019 scheduled a foreclosure sale for my  home on April 2, 2019 at 10:00 AM as indicated by Exhibit D.

17.     This Notice claims that the foreclosure sale will occur pursuant to power of sale.

18.     No person signed this Notice on behalf of either Brock, Atlantica or Selene.

19.     Orlans, Ocwen and Deutsche Bank have not sent Plaintiff a notice pursuant to the provisions of paragraph 22 of my mortgage and have not accelerated the note.  I  have never been mailed a default notice from the owner of the note or mortgage.

20.     Exhibit E is a copy of the purported Notice of Default, which was mailed to my attorney and not to me.

21.     Pursuant to paragraph 15 of the mortgage all notices must be mailed to me at my home address unless I designate another address.  I have never designated another address.

22.     I have never designated another address. In fact a copy of the authorization to my attorney is attached as Exhibit F, which was mailed to Selene Finance by my attorney and clearly states:

 I, ELOISA COSAJAY, authorize my Attorney, JOHN B. ENNIS, ESQ., to communicate on my behalf and/or to discuss with Selene Finance or any other entity or servicer regarding my mortgage serviced by Selene Finance regarding Account No.: 0003146925 for the property located at 220 Sterling Avenue, Providence, Rhode Island 02909. **This authorization does not designate the address of John B. Ennis, Esq., at 1200 Reservoir Avenue, Cranston, Rhode Island 02920 as my address for any Rhode Island General Law Notices or any Notices required pursuant to the terms of my mortgage.  These Notices must be sent to me at my address of 220 Sterling Avenue, Providence, Rhode Island 02909.  The mortgage**

3

**statement must be sent to me at my address of 220 Sterling Avenue, Providence, Rhode Island 02909. Please do not contact me other than to send me my monthly statements to my home address of 222 Sterling Avenue, Providence, Rhode Island 02909 and to send any documents required to be sent to me pursuant to the terms of my mortgage or any State or Federal law to my home address of 222 Sterling Avenue, Providence, Rhode Island 02909 .**All other communications and responses to any RESPA or TILA notices from my attorney must be sent to my attorney, John B. Ennis, 1200 Reservoir Avenue, Cranston Rhode Island 02920.

23.    Exhibit E did not indicate that it was being mailed on behalf of the purported owner of my mortgage. Instead it merely stated that Selene was:

The loan servicer of your mortgage loan

24.    Exhibit E never identified the owner of the mortgage and on whose behalf Selene was acting.

25.    After December 13, 2018, my mortgage loan was never accelerated. No subsequent periodic statements which were mailed to my attorney indicated that the loan had been accelerated.

26.    This letter falsely stated that Selene could proceed with applicable foreclosure proceedings and falsely referenced the right to invoke the statutory power of sale, which I never granted to MERS or any other entity in the mortgage.

27.    After the purported assignment to Deutsche Bank, a subsequent assignment was recorded from Deutsche Bank as trustee for a nonexistent trust to Saxon Mortgage Services. A copy is attached as Exhibit G.

28.    This document was conveyed purportedly by a non existent trust, which never owned my mortgage since it did not exist and could not be delivered a mortgage due to the fact that no such trust existed.

29.    Subsequently after several other void transactions due to the no existent nature of the so called Ixis trust assignment, another assignment, Exhibit H was executed on May 16, 2017 in which the grantor purportedly

4

assigned all right, title and interest under that certain Deed of Trust dated 04/24/2007.

30.    This document did not assign any mortgage to Atlantica , LLC, since I never signed a Deed of Trust.

31.    This purported assignment did not conform to the statutory form in the Rhode Island General Laws  §34-11-12, which requires an assignment of mortgage to state:


6) ASSIGNMENT OF MORTGAGE.

holder of a mortgage by to dated

recorded in the records of deeds in in book no. at page, for consideration paid, assign the mortgage and the note and claim secured thereby to

Witness hand this day of (Here add acknowledgment.)

32.    Exhibit I is  a July 19, 2016 letter responding to a RESPA Request for Information from Clearspring, the prior servicer, which includes a copy of the purported note that it claims to have purchased. This copy of the note is not endorsed

33.    Exhibit  J is an October 17, 2018 letter from Selene Finance to my attorney with an unendorsed copy of the note. There is no endorsement from Lime Financial Services. There is an unattached allonge with the signature of Caleb Durfee on behalf of Atlantica, LLC. However this version of the note does not contain an endorsement from Lime Financial.

34.    I have  a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

35.    The failure of the Defendants to comply with the terms of the mortgage renders void any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the statutory ability or the contractual ability  to exercise the statutory power of sale

36.    I lives in this property, as my principal residence.

5

37.    These facts demonstrate that we have a substantial likelihood of success.  Likewise a foreclosure of my property by a party not entitled to foreclose on the property will cause me  irreparable harm, which hardship is greater than any hardship, which may be claimed by defendants.

38.    Such relief sought by us will not disserve the public interest if imposed.

39.    I have a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

40.    These facts demonstrate that I have a substantial likelihood of success. Likewise a foreclosure of our property by a party not entitled to foreclose on the property will cause me irreparable harm, which hardship is greater than any hardship, which may be claimed by defendants.

41.    Such relief sought by me will not disserve the public interest if imposed.

ELOISA COSAJAY

Subscribed and sworn to before me this 31ST day of March, 2019

NOTARY PUBLIC

6