UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ELOISA COSAJAY,<br>    Plaintiff,<br><br>v.<br><br>SELENE FINANCE LP and<br>ATLANTICA, LLC,<br>    Defendants. | Civil Action No. 19-cv-00178-WES-LDA |

### MOTION OF SELENE FINANCE LP AND ATLANTICA, LLC
### TO REMOVE STAY AND DISMISS COMPLAINT

The Court should dismiss this case because Eloisa Cosajay ("**Plaintiff**") has failed to prosecute this matter. More than a year and a half have passed since this Court first ordered the Plaintiff to file an amended complaint. However, Plaintiff has not done so. Moreover, despite the passing of the Plaintiff, Plaintiff's counsel has also failed to file a motion to substitute the Plaintiff's heirs at law as plaintiffs,[1] even though counsel represented to this Court that he would do so. For these reasons, Selene Finance LP ("**Selene**") and Atlantica, LLC ("**Atlantica**") respectfully request that this Honorable Court remove the July 10, 2020 stay on this action and dismiss this case. In support thereof, Selene and Atlantica state as follows.

### STATEMENT OF MATERIAL FACTS

1.   On April 5, 2019, Selene and Atlantica filed a notice of removal with this Court. Doc. No. 1.

2.   On June 7, 2019, Selene and Atlantica filed a motion to dismiss. Plaintiff had until June 21, 2019 to oppose the motion to dismiss.

---

[1] Upon information and belief, the Plaintiff passed away on May 26, 2020.

3. Via an assented-to motion, the parties agreed to extend the response deadline for the motion to dismiss to July 3, 2019. Doc. No. 5.

4. The parties further agreed to extend the response deadline for the motion to dismiss to June 17, 2019, then to July 31, 2019, then to August 28, 2019, and finally to September 5, 2019. Doc. Nos. 6, 9, 10, and 11, respectively.

5. On January 1, 2020, this Court heard oral arguments on the motion to dismiss.

6. On March 6, 2020, this Court denied the motion to dismiss without prejudice and gave Plaintiff 30 days to file an amended complaint.

7. On information and belief, the Plaintiff passed away on May 26, 2020. Doc. No. 15.

8. The deadline to file an amended complaint was extended to June 4, 2020 and then to June 22, 2020. Doc. Nos. 13 and 14, respectively.

9. On June 9, 2020, Plaintiff filed a motion to stay the above-captioned action ("**Motion to Stay**"). Doc. No. 15.

10. On June 23, 2020, Selene and Atlantica filed an opposition to the Motion to Stay. Doc. No. 16. In the opposition, Selene and Atlantica note that they have assented to the Plaintiff's multiple requests to extend deadlines. Id. The opposition also enumerates numerous attempts to discuss potential settlement, status of communications with the Plaintiff's heirs, whether or not an executor had been appointed for the Plaintiff's estate, as well as how long counsel would need to stay proceedings in this matter. Id. Selene and Atlantica sought to discuss these issues as

they relate to the issue of standing to continue with the civil action.

11. On July 10, 2020, this Honorable Court granted the Motion to Stay.

12. The Court ordered the Plaintiff to file a status report on or before September 8, 2020.

13. On September 18, 2020, Selene and Atlantica filed a motion to dismiss the case for lack of prosecution. Doc. No. 18.

14. On September 22, 2020, the Plaintiff filed a motion for an extension of time to file a status report by September 22, 2020 *nunc pro tunc*. Doc. No. 19.

15. On September 22, 2020, Plaintiff filed a status report (the "**Status Report**"). Doc. No. 20.

16. On October 1, 2020, this court granted the Plaintiff's motion to extend time to file the Status Report.

17. On October 2, 2020, Selene and Atlantica withdrew their motion to dismiss. Doc. No. 22.

18. The Status Report states that Plaintiff's son has signed a petition for administration to be filed with the Providence Probate Court asking to be appointed as administrator. Id. The Status Report also states that Plaintiff will file a motion to substitute the sole heirs at law as plaintiffs. Id.

19. Upon information and belief, the Plaintiff's son has not filed a petition in Providence Probate Court.

20. As of the date of this motion, the Plaintiff has not filed a motion

to substitute the Plaintiff's heirs at law as plaintiffs.

21. As of the date of this motion, the Plaintiff has failed to file an amended complaint.

22. Upon information and belief, Plaintiff's heirs have not retained Plaintiff's attorney to represent them in the above-captioned action.

## CONCLUSIONS OF LAW

23. This Court should dismiss this action. The rule is that "[i]f the plaintiff fails to prosecute or to comply with… a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Pro. 41(b). " The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R. Co., 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734, 1962 U.S. LEXIS 849, 6 Fed. R. Serv. 2d (Callaghan) 831. "In dismissing a complaint for failure to prosecute, the Court may consider, among other factors, 'the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.'" Figueroa v. Dinitto, 2005 U.S. Dist. LEXIS 16624, *6, 2005 WL 1924204 (citing, Robson v. Hallenbeck, 81 F.3d 1, 4 (1st Cir. 1996) at 2.) In this case, Plaintiff has failed to file an amended complaint despite the passage of more than 18 months since the original deadline for filing an amended complaint. In

addition, more than a year has passed since Plaintiff's counsel represented to this Court that he would be filing a motion to substitute the Plaintiff's heirs at law as plaintiffs. For these reasons, the court should dismiss this action with prejudice.

WHEREFORE, Selene and Atlantica respectfully request that this Court enter an order:

1. Dismissing the above-captioned action with prejudice; and
2. Granting Selene and Atlantica such other and further relief as deemed justand proper.

Respectfully submitted,

SELENE FINANCE LP and
ATLANTICA, LLC,

By their attorney,

/s/ *Michael E. Swain*
Michael E. Swain, Esq. (RI Bar No. 8190)
Demerle Hoeger LLP
10 City Square
Boston, MA 02129
(617) 337-4444
MSwain@DHNewEngland.com

DATE: October 13, 2021

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ELOISA COSAJAY,<br>    Plaintiff,<br><br>v.<br><br>SELENE FINANCE LP and<br>ATLANTICA, LLC,<br>    Defendants. | Civil Action No. 19-cv-00178-WES-LDA |

## **CERTIFICATE OF SERVICE**

I, Michael E. Swain, Esq. of the law firm of Demerle Hoeger LLP, counsel for defendants Selene Finance LP and Atlantica, LLC hereby certify that I have this 13th day of October 2021 served the Motion of Selene Finance LP and Atlantica, LLC to Remove Stay and Dismiss Complaint and this Certificate of Service by causing copies hereof to be sent by electronic mail via the electronic court filing system (ECF) and by first-class U.S. mail (M) to all parties not appearing electronically but entitled to service per the FederalRules of Civil Procedure.

John B. Ennis, Esq.
1200 Reservoir Ave
Cranston, RI 02920 (ECF)

/s/ Michael E. Swain, Esq.
Michael E. Swain, Esq.